# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM T. SIMS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18cv00014 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD CLARKE, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff William T. Sims, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matters before the court are Sims' motion for default judgment and his motion for reconsideration or the court's denial of a preliminary injunction. The court will deny the motions for the reasons that follow.

## I. BACKGROUND

On January 12, 2018, Sims filed his initial complaint, asserting that various defendants had violated the Eighth and Fourteenth Amendments, the Americans with Disabilities Act (ADA), and the Religious Land Use and Institutionalized Persons Act (RLUIPA). On February 22, 2018, Sims filed a motion for preliminary injunction that sought to order the defendants to allow Sims to purchase a particular type of prayer oil and Halal hygiene products. (Dkt. No. 14.) On March 8, 2018, during its initial review of the case, the court determined that the complaint violated the Federal Rules of Civil Procedure and ordered Sims to respond with an amended complaint within twenty days. (Order to Respond with Am. Compl. 1-2, Dkt. No. 17.) On April 5, 2018, Sims filed an amended complaint, alleging the defendants violated his rights under the ADA and the Fourteenth Amendment. (Dkt. No. 21.) The RLUIPA claims were not included. About two months later, he filed a motion for default judgment. (Dkt. No. 34.) On August 15,

2018, the court denied Sims' motion for preliminary injunction because it was no longer related to the underlying complaint. (Dkt. No. 38.) On September 10, 2018, Sims filed a motion to reconsider the court's order on the preliminary injunction. (Dkt. No. 39.)

## II. DISCUSSION

### A. Motion for Default Judgment

Following the filing of his amended complaint, Sims filed a motion for default judgment. On April 20, 2018, defendants executed a waiver of service, which directed the defendants to respond to the amended complaint and simultaneously serve Sims by June 8, 2018. On June 8, 2018, defendants responded with a Rule 12(b)(6) motion to dismiss for failure to state a claim. Sims argues that he had not been "served" by June 10, 2018; thus, he is entitled to default judgment. However, "service" by mail is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(B). The fact that a party does not receive the pleading until later does not affect the validity or effect of service. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632-33 (11th Cir. 1988) (motion considered served upon mailing, even if opposing counsel never received it). The defendants filed the Rule 12(b)(6) motion with the court on June 8, 2018, and, according to their certificate of service, simultaneously mailed it to Sims. Regardless, the record demonstrates that Sims had the motion by June 18, 2018, when he requested an extension of time to respond. Therefore, the defendants are not in default, and the court will deny the motion for default judgment.

### B. Motion to Reconsider Denial of a Preliminary Injunction

Sims also filed a motion for reconsideration of the court's denial of a preliminary injunction with regard to plaintiff's request to purchase prayer oil and Halal hygiene products. Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil

Procedure 54(b), under which "any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before the final judgment." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) (citing *Am. Canoe Ass'n v. Murphy Farm, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). Resolution of the motion is "committed to the discretion of the district court," *Am. Canoe Ass'n*, 326 F.3d at 515, and "the goal is to reach the correct judgment under law," *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010) (internal citation omitted).

Here, the ruling Sims asks the court to reconsider is a denial of a preliminary injunction. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). Further, an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*, *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Sims' motion for preliminary injunction asked the court to order the defendants to allow him "to purchase [his] prayer oil and Halal hygiene products from another vendor" pursuant to RLUIPA. The court denied the motion because it was unrelated to the amended complaint,

3

which only alleged ADA and Fourteenth Amendment claims. Sims seeks reconsideration because, when he filed the motion for preliminary injunction, the arguments underlying the motion related to his initial complaint.

Sims' argument fails, however, because his initial complaint was defective. On March 8, 2018, the court ordered Sims to submit a complaint that complied with the Federal Rules of Civil Procedure, specifically notifying Sims that his amended complaint would "be a new pleading *that stands by itself*," and that his "filings to date *will not be considered by the court* and should not be referenced by plaintiff in the proposed amended complaint." (Conditional Filing Order 2, Dkt. No. 17 (emphasis added).) By the court's order, the amended complaint entirely replaced the initial defective complaint. Once Sims submitted the amended complaint, the court properly held that the motion for preliminary injunction was unrelated to the underlying complaint.[1] Therefore, the court properly denied the preliminary injunction as unrelated, and Sims fails to demonstrate that he is entitled to relief under Rule 54(b). The court will deny the motion to reconsider.

III. CONCLUSION

Accordingly, it is hereby ORDERED that Sims' motion for default judgment (Dkt. No. 34), and his motion for reconsideration (Dkt. No. 39) are DENIED.

The Clerk shall send a copy of this order to the parties.

Entered: October 5, 2018

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] As stated in the order denying the motion for preliminary injunction, the claims in the amended complaint are exclusively based on the defendants' alleged failure to provide reasonable accommodations for Sims' disabilities under the ADA. His motion for preliminary injunction involves RLUIPA and religious rights. Therefore, the motion for preliminary injunction is not related to the amended complaint. If Sims wishes to pursue the claims in his preliminary injunction, he may do so in a new, separate civil action.

4